# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
No. 11-567V
Filed: May 29, 2014

* * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| SANDRA MCCRAY | * |
| | * |
| Petitioner, | *   Motion for Relief from Judgment; |
| v. | *   RCFC 60(b)(1); Mistake |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Irene McLafferty, Esq.*, Messa and Associates P.C., Philadelphia, PA for petitioner.
*Debra Begley, Esq.*, U.S. Dept. of Justice, Washington, DC for respondent.

## ORDER[1]

**Vowell,** Chief Special Master:

On May 14, 2014, the parties jointly filed a Motion for Relief from Judgment and Associated Relief pursuant to Rule 60(b) of the Rules of the United States Court of Federal Claims ["RCFC"] requesting that this court strike the stipulation filed February 27, 2014, withdraw the decision filed February 27, 2014, and vacate the Judgment entered April 1, 2014. Because parties have demonstrated a mistake justifying relief under RCFC 60(b)(1), their motion for relief is granted.

## I. Procedural History.

On September 6, 2011, petitioner, Sandra McCray, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*. On February 27, 2014, the parties filed a stipulation providing for an award of $70,000.00, and my decision adopting the parties' stipulation was issued the same day. Judgment was entered on April 1, 2014, awarding petitioner compensation in the amount of $70,000.00. Upon review of the judgment, the parties realized that the

---

[1] Because this unpublished order contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to redact medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will redact such material from public access.

February 27, 2014 stipulation had incorrectly provided for an award of $70,000.00 instead of $75,000.00 as agreed upon by the parties.  Therefore, the decision adopting the stipulation filed on February 27, 2014, and the Judgment entered on April 1, 2014, both contain the incorrect amount of compensation for petitioner.

On May 14, 2014, the parties jointly filed a Motion for Relief from Judgment and Associated Relief ["Motion for Relief"] pursuant to RCFC 60(b) requesting that this court strike the stipulation filed February 27, 2014, withdraw the decision filed February 27, 2014, and vacate the Judgment entered April 1, 2014.

## II.  The Applicable Legal Standards.

Under Vaccine Rule 36, Appendix B, RCFC, a party may seek relief from judgment pursuant to Rule 60 of the RCFC.  Under RCFC 60, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . ." RCFC 60(b)(1).  The Rules do not define "mistake," however, the United States Court of Federal Claims has held the term to encompass "[a]n error, misconception, or misunderstanding; an erroneous belief." *Curtis v. United States*, 61 Fed. Cl. 511, 514 (2004) (quoting *Black's Law Dictionary*, 1017 (7th ed.1999)).  The mistake justifying relief from judgment may be on the part of a party, counsel or the court.  *Id.* at 514-15; *CNA Corp. v. United States*, 83 Fed. Cl. 1, 8 (2008).

As a remedial provision, Rule 60(b) is to be "liberally construed for the purpose of doing substantial justice." *Patton v. Sec'y, HHS*, 25 F.3d 1021, 1030 (Fed. Cir. 1994).  The court has discretion regarding whether to grant relief under Rule 60(b), and to weigh equitable factors in the exercise of its discretion.  *CNA Corp.*, 83 Fed. Cl. at 7.  The fact that the problem may have been avoided, had the parties sought correction before judgment was entered, does not preclude relief under Rule 60(b), as by its terms the rule provides relief after judgment has been entered.  *Patton*, 24 F. 3d at 1030.

## III.  The Motion for Relief from Judgment.

In the instant motion, the parties agree that the stipulation filed February 27, 2014 mistakenly reported an agreement for $70,000.00 in compensation rather than the $75,000.00 agreed upon by the parties.  As such, the decision adopting the stipulation and the Judgment entered on April 1, 2014 likewise contain the incorrect amount of compensation for petitioner.

The incorrect award amount contained in the February 27, 2014 stipulation constitutes a mistake or error on the part of the parties sufficient to justify relief under RCFC 60(b)(1).  Given the clear intention of the parties to provide for an award of $75,000.00 rather than $70,000.00, equitable considerations weigh in favor of granting the parties' motion for relief.

### IV.  Conclusion.

The parties have demonstrated a mistake justifying relief under RCFC 60(b)(1). Therefore, I **GRANT** the parties' joint motion for relief from judgment and associated relief pursuant to RCFC 60(b)(1).

The decision filed February 27, 2014 is hereby **WITHDRAWN**.  Therefore, Judgment entered on April 1, 2014 is hereby **VACATED**.  Additionally, the clerk shall **STRIKE** the joint stipulation filed on February 27, 2014.

**IT IS SO ORDERED.**

<u>s/Denise K. Vowell</u>
Denise K. Vowell
Chief Special Master